Law Library

# IN THE SUPERIOR COURT OF GUAM

DEREK PELLETIER,

                Plaintiff,

   vs.

WARREN PELLETIER,

                Defendant.

CIVIL CASE NO. CV1562-07

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on November 8, 2013 for a Motion to Clarify Interest Rate and Date of Commencement of Interest. Attorney William D. Pesch appeared on behalf of Stanley C. Wilson, the Administrator of the Mary Pelletier Trust. Attorney James M. Maher represented the Defendant, and Attorney Vincent Leon Guerrero represented the Plaintiff. The Court took the matter under advisement. Having considered the parties' arguments, pleadings, and exhibits, the Court now issues the following Decision and Order.

## BACKGROUND

In 2006, Defendant Warren E. Pelletier ("Defendant"), then a trustee of the Mary Pelletier Trust, purchased Lot 21, Block 16, Dededo ("Lot 21") for $ 120,000.00. Defendant purchased Lot 21 using $ 60,000.00 of his personal funds and $ 60,000.00 of the Trust's funds. The property was purchased with the intent to reflect a 50% interest ownership by the Trust but the ownership of Lot 21 is in Defendant's name only.

On June 6, 2012, the Court issued Findings of Facts and Conclusions of Law on the matter. The Court held that Defendant must reimburse the Trust with either the $ 60,000.00 he used to purchase Lot 21 with interest provided for under Guam law, or he can turn over the

property to the Trust. Recently, Defendant expressed his desire to take full possession of Lot 21 and has indicated his willingness to reimburse the Trust for the $ 60,000.00 plus interest at the rate of 6%, accruing from the date of the Court's findings. Decl. of William D. Pesch. pg. 2.

The Trust Administrator, unsure of the appropriate interest rate and when interest began to accrue, then brought this motion, through Counsel, requesting that the Court clarify: 1) What interest rate is applicable to [Defendant's] proposed purchase; 2) When does the interest begin to accrue; and 3) If Defendant opts to allow the Trust to buy out his interest in the lot, what interest rate is applicable and when does it begin to accrue? Mot. to Clarify pp. 4-5.

## DISCUSSION

**Interest Rate**

At issue is the applicable rate of interest chargeable to Defendant should he take full possession of Lot 21. The Administrator's Motion cites to 18 GCA § 47106, which provides:

§ 47106 Legal Rate of Interest.

The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the territory, shall be six percent (6%) per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding the rates of interest specified in Title 14 of this Code.

18 GCA § 47106. Title 18 also contains provisions relative to Trusts in General. Specifically, section 65210 provides:

§ Liability for Breach.

A trustee who uses or disposes of the trust property, contrary to § 65202 of this Chapter, may at the option of the beneficiary, be required to account for all profits so made, or to pay the value of its use, and, if he has disposed thereof, to replace it, with its fruits, or to account for its proceeds, with interest.

18 GCA § 65210.

In its Findings of Fact and Conclusions of Law, the Court found that Defendant failed in his obligations as to Lot 21. Finds. Fact & Concl. L., June 6, 2012 ¶ 19(b). Further, the Court ordered that Defendant be removed as Trustee and that he either reimburse the Trust, with "interest provided for under Guam Law" or he can turn over the property to the Trust. Finds. Fact & Concl. L., June 6, 2012 ¶ 25(b). Although the Court did not make an explicit finding of a breach of Trust pursuant to 18 GCA § 65210, the Court finds that statute relevant to the general facts of this case, as the Defendant was ultimately ordered removed as trustee. Considering that, the Court agrees that § 47106 is the governing provision. Should Defendant take full possession of Lot 21, he will be charged with interest at a rate of six percent (6%) per annum. Relevant case law also supports charging the "legal rate of interest." *See. Morris' Guardianship v. Cusack*, 16. N.W. 2d 442, 444 (1944) (Trustee chargeable with interest at the legal rate where trustee commits a breach of trust); *Henderson v. Sherman*, 11 N.W. 153, (1882) (A trustee who has administered the trust illegally is liable for interest at the legal rate). For the above reasons, the Court concludes that the applicable interest is the Legal Rate of Interest of six percent (6%) as set forth in 18 GCA § 47106.

**Date of Accrual**

The next issue is determining the date on which interest began to accrue. In June and September of 2013, Defendant forwarded to the Administrator of the Trust, a total of $63,940.00, which represented the total principal amount owed, plus 6% interest from June 6, 2012, the date that this Court issued its Findings of Fact and Conclusions of Law. See Decl. of Stanley Wilson ¶ 4-5. Counsel for the Administrator argues that June 6, 2012 is the date contemplated by 18 GCA § 47106, which provides in relevant part, "[t]he rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts *after demand or judgment*

*rendered* in any court of the territory, shall be six percent per annum . . . ." See Decl. of William D. Pesch ¶ 5-6.[1] Plaintiff contends that because Defendant, charged with knowledge that then co-trustee insisted that the property be held jointly with the Trust, was given an opportunity to repay the Trust or sell Lot 21, it would appear that Defendant was speculating using Trust funds. On that basis, Plaintiff argues that Defendant should not be allowed to profit from his actions and, further, that pay he the Trust 6% interest from the date of the loan instead. See Pl's. Position Re: Interest pg. 2.

The Court notes that relevant case law provides for the accrual of interest from the date of a trustee's wrongful taking of trust funds. See *In re Carner*, 906 N.Y.S.2d 771 (Former trustee surcharged with interest to be computed from the date of wrongful taking); *Owlsey v. Owlsey*, 77 S.W. 394, 396 (1903) (Trustee charged with interest from the time principal was received). The Court, however, finds that the present case is distinguishable from the above cited cases by the mere fact that this "loan" was permissible pursuant to the Trust Agreement. Plaintiff approved of the loan albeit on the grounds that Defendant maintain co-ownership with the Trust. Finds. Fact & Concl. L., June 6, 2012 ¶ 19(b). Thus the loan was not wrongful. Of more concern to the Court was the fact that Defendant retained sole title to Lot 21. Ultimately the Court ordered that both Plaintiff and Defendant be removed as Trustees. Those findings, of course, were not made until the Court issued its Findings of Facts and Conclusions of Law on June 6, 2012. On that basis, the Court concludes that the date on which interest began to accrue was on June 6, 2012. Lastly, in the interest of fairness and mutuality, the Court concludes that if Defendant opts to

---

[1] Counsel for the Administrator acknowledges that although the Court's findings might not technically be considered a "judgment" it could be interpreted as a demand for payment and thus trigger the accrual of interest.

allow the Trust to buy out his interest in Lot 21, the applicable interest rate is also 6% per annum and the date of accrual would be June 6, 2012.

## CONCLUSION

For the foregoing reasons, the Court concludes that the applicable interest rate for Defendant's proposed purchase is 6% per annum, with the accrual date beginning on June 6, 2012. The same is also true if the Defendant opts to allow the Trust to buy out his interest. The applicable interest is 6% per annum, with the accrual date beginning on June 6, 2012.

So **ORDERED** this day of 5th February, 2014.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

//

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

FEB 05 2014

Linda M. Perez
Deputy Clerk, Superior Court of Guam